**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| CHRISTOPHER RANDOLPH<br>2353 Piping Tree Ferry Road<br>Mechanicsville, VA  23111 | *<br><br>* | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. 1:20-cv-_____ |
| FOSTER R.E. ENTERPRISES,<br>INCORPORATED (t/a Mike Foster<br>Expert Advisors)<br>11720 Perry Branch Road<br>Newburg, Maryland  20664, | *<br><br>*<br><br>* | |
| – and – | * | **Jury Trial Demanded** |
| MICHAEL FOSTER<br>10665 Stanhaven Place, Suite 300<br>White Plains, Maryland  20695, | *<br><br>* | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**CIVIL COMPLAINT & JURY DEMAND**

1.  Plaintiff Christopher Randolph (hereinafter, "Plaintiff" or "Mr. Randolph"), by and through his undersigned counsel (Joseph T. Mallon, Jr., Esquire; Marshall N. Perkins, Esquire; and Mallon LLC), hereby states and alleges for his civil Complaint, and seeks redress for unlawful employment practices perpetrated by Defendants, Foster R.E. Enterprises, Incorporated and Michael Foster, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 (or, "Section 1981"), as well as in violation of Maryland common law and public policy, as follows.

1

## I. JURISDICTION AND VENUE

2. Federal claim jurisdiction by this U.S. District Court is properly exercised pursuant to 28 U.S.C. § 1331 and/or 28 U.S.C. § 1343. Supplemental jurisdiction exists over Plaintiff's Maryland law causes of action. *See* 28 U.S.C. § 1367. Additionally, diversity jurisdiction exists as Plaintiff is of a different domicile than each Defendant and the amount-in-controversy exceeds the diversity jurisdiction minimum amount. *See* 28 U.S.C. § 1332. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

3. Plaintiff has satisfied all legal preconditions to file this civil action.

## II. PARTIES

4. Plaintiff Christopher "Chris" Randolph is an African American, black male citizen of the United States, domiciled in the Commonwealth of Virginia.

5. Defendant Foster R.E. Enterprises, Incorporated (a/k/a Foster RE Enterprises, Inc.), t/a Mike Foster Expert Advisors (herein, "Foster Enterprises") is an active Maryland corporation, with principal offices at 11720 Perry Branch Road, Newburg, Maryland, 20664. Defendant Foster Enterprises is an "employer," for purposes of 42 U.S.C. § 1981, and at all times mentioned herein, it was acting through its principal(s), directors, officers, employees, servants, and/or agents.

6. Defendant Michael "Mike" Foster is a Caucasian (white) male citizen of the United States, upon information and belief domiciled in the State of Maryland.

## III. FACTS COMMON TO ALL COUNTS

7. Plaintiff Mr. Randolph began his employment for Defendant Foster Enterprises on or about January 3, 2017.

8. Plaintiff Mr. Randolph was continually subjected to racial remarks, purported jokes, and/or comments, about race/color, and/or statements about race and color during his employment

with Defendant Foster Enterprises.  These statements came from not only Plaintiff's fellow co-workers, but also from his direct supervisor, Defendant Mike Foster.  These racial comments, remarks, statements, etc. greatly offended Plaintiff, as an African American (black).

9. On or about February 16, 2017 in the afternoon, during a company-sponsored visit to Starbucks, Defendant Mike Foster stated to Plaintiff Mr. Randolph (in substance): "isn't it funny you are big and black and you ordered a skinny vanilla."  Plaintiff replied, "no, it's not."  This was followed by an awkward silence.  Upon reaching the drive-thru window, Defendant Foster repeated the comment in front of Plaintiff, to two Starbucks employees (one of whom was African-American, the other white).  Neither Starbucks employee responded.  At approximately 4:00 p.m. that day, at a Foster Enterprises "team meeting," the same statement was restated in front of the entire staff.  Many laughed.  In response, Plaintiff stated that it was not funny and it was not appropriate.  Then, a Foster Enterprises employee stated that there was 'an "Aunt Jemima" at the [Starbucks] window who gave us coffee.'  Plaintiff responded, stating that you can't say stuff like that.  The Foster Enterprises staff laughed more.

10. Approximately the following week, Defendant Mike Foster stated that Foster Enterprises does not take business in "certain areas" of Prince George's County.  Plaintiff Randolph offered to conduct business in those areas, however Defendant Foster and Defendant Foster Enterprises refused.  Mike Foster made a disparaging racial statement to Plaintiff.  Also, approximately that same week, unsolicited comments were made to Plaintiff Randolph by other Foster Enterprises employees about black history month, as well as a statement about (in substance), 'why isn't there a white history museum?'

11. On or about March 10, 2017, at a one-on-one, in-person meeting with Defendant Mike Foster, Plaintiff Mr. Randolph notified Defendants that Plaintiff would be sending Defendant

Foster (and Foster Enterprises) an email documenting the ongoing discrimination at Foster Enterprises, and that Plaintiff Randolph would like it to stop.  Plaintiff Randolph sent the email to Defendant Foster (and Foster Enterprises), which detailed increasing racial-/ color-based harassment by Foster Enterprises co-employees.  The email included the following statement by one Foster Enterprises employee, "racist jokes are the same as any other joke."

12. On April 26, 2017, Plaintiff Mr. Randolph stated to Defendant Mike Foster (and Foster Enterprises) that the Foster Enterprises environment had become increasingly hostile and unprofessional and that racial rhetoric should not be allowed in the workplace.  Plaintiff Randolph asked if Foster Enterprises had a human resources (or "HR") department, which was laughed off and dismissed (i.e., denied) by Defendant Foster and Defendant Foster Enterprises.

13. Within weeks of Plaintiff's latest complaint to Defendants Mike Foster and Foster Enterprises against race-based and/or color-based discrimination, Plaintiff Randolph was (purportedly) terminated on or about May 10, 2017.  The reason stated by Defendants Foster Enterprises and Mike Foster for Plaintiff's (purported) termination was (in substance):  'Hey, man, it's not a good fit.'  This statement was, in fact, pretext by Defendants Foster Enterprises and Mike Foster; in fact, Plaintiff Randolph was terminated by Defendant Foster Enterprises (and Defendant Foster) because of racial (African-American) and/or color-based (black) discrimination and/or unlawful retaliation.  At the time of employment (purported) termination, Plaintiff Randolph was performing his job more than adequately.

14. Throughout Plaintiff's employment, Plaintiff Randolph had been a conscientious and dedicated employee for Defendants.

15. Defendant Foster Enterprises' principal(s), directors, officers, and/or managers had actual knowledge that Plaintiff Mr. Randolph was being discriminated against on the basis of his

4

race and color, and each not only failed to take prompt and adequate remedial action, but they (including Defendant Foster) participated in creating this racially discriminatory (and/or retaliatory) work environment.

16. Plaintiff Mr. Randolph was subjected to discrimination in the form of harassment, disparate treatment, termination, and/or retaliation as a direct result of his race and/or color. Plaintiff was retaliated against for engaging in legally protected activity. Plaintiff was subjected to discriminatory abuse and harassment as a result of his race and/or color.

17. Each Defendant engaged in the wrongdoing alleged herein willfully, knowingly, and/or maliciously (thus, constituting "actual malice," under Maryland law), and/or with knowledge of (or reckless indifference to) violation of Plaintiff's federally protected rights.

## COUNT I

### Violation of 42 U.S.C. § 1981 – Race/Color Discrimination

### (vs. Both Defendants)

18. Plaintiff Mr. Randolph realleges and incorporates by reference in this Count the foregoing paragraphs as though set forth fully herein.

19. As complained of herein, Plaintiff suffered intentional discrimination because of his race and/or color.

20. Defendant Foster Enterprises directly and/or by and through its principal(s), directors, officers, managers, employees, servants, and/or other agents intentionally, and with malice (and/or reckless indifference to Defendants' legal obligations under Section 1981), insulted, abused, harassed, treated Plaintiff differently, and/or terminated Plaintiff's employment because of Plaintiff's race and/or color in violation of Section 1981, including as detailed herein.

21. Each Defendant's racial-/color-based discrimination alleged herein was pervasive, severe, and regular. This discrimination detrimentally affected Plaintiff and would detrimentally affect a reasonable person in that position. The racial / color discrimination suffered by Plaintiff affected the benefits, terms, conditions, and/or privileges of his employment. 42 U.S.C § 1981 states in pertinent part:

> **(a) STATEMENT OF EQUAL RIGHTS**
> All persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .
>
> **(b) "MAKE AND ENFORCE CONTRACTS" DEFINED**
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> **(c) PROTECTION AGAINST IMPAIRMENT**
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

As alleged herein, Defendant Foster Enterprises and Defendant Mike Foster have each violated Section 1981 by engaging in unlawful race/color discrimination, including by each Defendant materially impairing Plaintiff's right to make, perform, and/or enforce one or more contracts (or contractual provisions).

22. Defendant Foster Enterprises, (acting through its principal(s), directors, officers, managers, employees, servants, and/or other agents,) is liable for the race/color discrimination against Plaintiff Randolph. Defendant Foster Enterprises' management-level employees (and/or its principal(s), directors, and/or officers) had actual and/or constructive knowledge about the existence of a racially hostile work environment and not only failed to take prompt and adequate remedial action, but participated in creating the hostile environment.

23. As alleged herein, Defendant Mike Foster, as Foster Enterprises' principal and/or directing manager, personally participated in the wrongdoing alleged herein. Defendant Mike Foster engaged in multiple material tortious acts that proximately caused legal injuries / damages to Plaintiff Randolph.

24. Including as alleged herein, Defendants unlawfully discharged, failed or refused to hire, and/or otherwise discriminated against Plaintiff with respect to Plaintiff's compensation, terms, conditions, and/or privileges of employment because of Plaintiff's race and/or color. Including as alleged herein, Defendants unlawfully limited, segregated, and/or classified Plaintiff in one or more ways that deprived (or tended to deprive) Plaintiff of employment opportunities and/or otherwise adversely affected Plaintiff's status as an employee (and/or Plaintiff's (federal protected) contractual rights) because of Plaintiff's race and/or color.

25. The conduct complained of herein, all legally attributable to each Defendant, was unwelcome to Plaintiff. The conduct complained of herein was based upon Plaintiff's race and/or color. The conduct complained of herein by Plaintiff was sufficiently severe and/or pervasive to alter Plaintiff's working conditions of employment and/or to create an abusive (hostile) working environment. Defendants unlawfully subjected Plaintiff to a hostile work environment, including as Plaintiff: experienced unwelcome harassment, the harassment was based on Plaintiff's race and/or color, and the harassment was sufficiently severe and/or pervasive to alter the conditions of Plaintiff's employment and create an abusive atmosphere. Each Defendant's conduct calls for the imposition of legal liability.

26. As a direct and proximate result of the racial-/color-based discrimination, harassment, and/or termination alleged herein, Plaintiff has suffered emotional distress, pain, mental anguish, anxiety, embarrassment, humiliation, inconvenience, and/or other solatium

injuries / damages. As a direct and proximate result of the racial-/color-based discrimination, harassment, and/or termination alleged herein, Plaintiff has suffered financial and/or other pecuniary injuries / damages, including but not limited to lost wages / lost earnings / lost earning capacity.

## COUNT II

### Violation of 42 U.S.C. § 1981 - Retaliation

### (vs. Both Defendants)

27. Plaintiff Mr. Randolph realleges and incorporates by reference in this Count the foregoing paragraphs as though set forth fully herein.

28. In violation of 42 U.S.C. § 1981, each Defendant unlawfully retaliated against Plaintiff for Plaintiff having engaged in legally protected activity including but not limited to notifying each Defendant that Plaintiff opposed the racial- and/or color-based discrimination and harassment to which he was subjected, calling upon the wrongful conduct to cease, and/or calling upon each Defendant to investigate (and remedy) the wrongful conduct.

29. Each Defendant intentionally, with malice (and/or reckless indifference to its obligations under Section 1981), retaliated against Plaintiff for Plaintiff engaging in legally protected activity.

30. The following occurred: (a) Plaintiff engaged in protected activity; (b) each Defendant took one or more materially adverse actions against Plaintiff; and (c) a causal connection existed between the protected activity and each materially adverse action. A reasonable employee (in Plaintiff's circumstances) would have found the challenged action(s) complained of herein materially adverse ("materially adverse": meaning, it might have dissuaded a reasonable worker from making or supporting a charge of discrimination).

31. Each Defendant was fully aware of the retaliation against Plaintiff, including as detailed herein. Each Defendant engaged in the wrongdoing identified herein intentionally, maliciously, and with the intent to cause legal injury (i.e., with actual malice) and/or with reckless disregard to federally protected rights.

32. As a direct and proximate result of the unlawful retaliation complained of herein, Plaintiff has suffered emotional distress, pain, mental anguish, anxiety, embarrassment, humiliation, inconvenience, and/or other solatium injuries / damages. As a direct and proximate result of the unlawful retaliation complained of herein, Plaintiff has suffered financial and/or other pecuniary injuries / damages, including but not limited to lost wages / lost earnings / lost earning capacity.

## COUNT III

### Wrongful Discharge (Maryland law)

### (vs. Both Defendants)

33. Plaintiff Randolph realleges and incorporates by reference in this Count the foregoing paragraphs as though set forth fully herein.

34. Under Maryland law, a cause of action lies for wrongful discharge (or abusive discharge) when the reason for discharge violates a mandate of public policy.

35. Maryland Code, State Government Article ("SG") § 20-602 states: "It is the policy of the State, in the exercise of its police power for the protection of the public safety, public health, and general welfare, for the maintenance of business and good government, and for the promotion of the State's trade, commerce, and manufacturers: (1) to assure all persons equal opportunity in receiving employment and in all labor management-union relations, regardless of race [or] color . . .; and (2) to that end, to prohibit discrimination in employment by any person." Other sources

of Maryland (and/or federal) public policy also expressly prohibit discrimination (including employment discrimination) based on race and/or color (and/or for engaging in legally protected activity). *See*, *e.g.*, SG § 20-606.

36. The Maryland Fair Employment Practices Act (*see* SG § 20-601, *et seq.*; § 20-1001, *et seq.*) provides a plain statement of public policy sufficient to support a common law cause of action against employers such as Defendant Foster Enterprises, upon terminating an employee based on race and/or color and/or for engaging in legally protected activity.

37. Plaintiff Randolph was an employee of Defendant Foster Enterprises. Defendant Foster Enterprises terminated Plaintiff's employment. This employment termination violated a mandate of public policy. A causal nexus existed between the public policy violated and the reason for Defendant Foster Enterprises' termination of Plaintiff Randolph – as alleged herein, employer Defendant terminated Plaintiff because of his race / color (and/or because Plaintiff engaged in legally protected activity, i.e.: unlawful retaliation).

38. Defendant Mike Foster made the decision (with Foster Enterprises) to terminate Plaintiff Randolph on grounds that violated Maryland public policy and/or Defendant Mike Foster executed (with Foster Enterprises) that (unlawful) decision.

39. As a direct and proximate result of the unlawful wrongful discharge complained of herein, Plaintiff has suffered emotional distress, pain, mental anguish, anxiety, embarrassment, humiliation, inconvenience, and/or other solatium injuries / damages. As a direct and proximate result of the unlawful wrongful discharge complained of herein, Plaintiff has suffered financial and/or other pecuniary injuries / damages, including but not limited to lost wages / lost earnings / lost earning capacity.

## COUNT IV

### Aiding and Abetting (Maryland law)

### (vs. Defendant Michael Foster)

40. Plaintiff Randolph realleges and incorporates by reference in this Count the foregoing paragraphs as though set forth fully herein.

41. On grounds stated herein, Defendant Foster Enterprises engaged in tortious conduct, including as an employer.

42. As alleged herein, Defendant Mike Foster provided substantial assistance and/or encouragement to tortfeasor Defendant Foster Enterprises.

43. Defendant Mike Foster had actual knowledge of the wrongful conduct and of his role in furthering such conduct. Defendant Mike Foster's act(s)/omission(s) proximately damaged Plaintiff, including as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this honorable U.S. District Court order and enter Judgment as follows:

1. declaring that the acts and practices complained of herein are in violation of 42 U.S.C. § 1981;

2. enjoining and permanently restraining these violations of 42 U.S.C. § 1981;

3. ordering each Defendant to restore the benefits that Plaintiff would have been otherwise afforded as an employee of Defendant(s) but for the wrongful conduct complained of herein, including back pay and full restoration of all other employment benefits;

4. ordering each Defendant to take the affirmative steps as necessary to ensure that the effects of these complained of unlawful employment practices are eliminated;

5.    entering Judgment against Defendants, jointly and severally (and/or individually), and in favor of Plaintiff for compensatory (or other actual) damages in the amount of Three Hundred Thousand Dollars ($300,000) as to each count for the legal injuries / damages / losses proximately suffered by Plaintiff Randolph;

6.    entering Judgment against Defendants, jointly and severally (and/or individually), and in favor of Plaintiff for punitive (or liquidated / exemplary) damages in the amount of Two Hundred Thousand Dollars ($200,000) as to each count;

7.    ordering employment reinstatement to Plaintiff and/or making an appropriate award of front pay to Plaintiff;

8.    awarding Plaintiff the costs of this action, including and/or as well as expert witness fees and all other representation expenses, together with attorneys' fees in this matter as provided by Section 1981, 42 U.S.C. § 1988, and/or applicable law otherwise;

8.    awarding Plaintiff pre-judgment interest; and

9.    granting Plaintiff such other and further relief as the nature of Plaintiff's cause requires.

## JURY TRIAL DEMAND

Plaintiff Randolph demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MALLON LLC**

_/s/ Marshall N. Perkins_
Joseph T. Mallon, Jr. (Fed. Bar No. 22878)
Marshall N. Perkins (Fed. Bar No. 25514)
Suite 815
300 East Lombard Street
Baltimore, Maryland 21202
(410) 727-7887
Fax: (410) 727-4770
mperkins@mallonllc.com

*Attorneys for Plaintiff Christopher Randolph*